# John Kirby v. Philip Fitzpatrick, Appellant.

*Party walls—Discretion of building inspectors—Thickness of wall.*

The discretion given by the act of Feb. 24, 1721, to the surveyors or regulators whose duties are now performed by the building inspectors, to "regulate the walls to be built between party and party, as to the breadth and thickness thereof," has been modified by subsequent acts forbidding the erection of a wall of less than the prescribed minimum thickness, but it has never been taken away, or otherwise abridged.

A builder, who without a permit erects a party wall of greater thickness than is required by the height and character of the building, cannot place one half of it on the adjoining lot, although the encroachment is within the maximum limit fixed by law. The extent of the use of the adjoining land is within the discretion of the inspectors, and is to be determined by the character and size of the building to be erected.

The building inspectors may in their discretion, because of the nature of the ground or the intended use of the building, or for other reasons, require the erection of a thicker wall without regard to the height of the building. If they do so the right to use more of the adjoining lot up to the maximum limit follows, but the necessity as far as it affects the right is to be determined by the inspectors, not by the builder.

Argued April 4, 1895. Appeal, No. 312, Jan. T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1888, No. 987, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment to recover a strip of ground in the Thirty-third ward of the city of Philadelphia.

The summons complained that defendant had in his actual possession a certain piece or strip of land situate on the northwesterly side of Kensington avenue, in the Thirty-third, formerly the Twenty-fifth, ward of the city of Philadelphia, at the distance of 53 feet 3 inches, or thereabouts, northeastwardly from the northeasterly side of Hart Lane, containing in front or breadth on said Kensington avenue 12 inches, more or less, and in length or depth between lines parallel at right angles with Kensington avenue 121 feet, 5 inches, more or less. The evidence showed that defendant obtained a permit to build a two-story brick store, 22 feet high, with foundation walls 16 inches and party wall 9 inches thick. Under this permit he

built a foundation wall 18 inches, and a brick wall upon it 13 inches in thickness.

On Jan. 17, 1894, the jury found the following special verdict: " The jury find a verdict for the plaintiff. They specially find that the upper part of the brick wall erected by the defendant as and for a party wall is upon the plaintiff's ground 4½ inches; that the lower part of said brick wall encroaches upon the plaintiff's ground 1¾ inches, and that the stone or foundation wall extends over on plaintiff's ground 12 inches beyond the party line."

This special verdict was subsequently amended by agreement of counsel with respect to the distance which the stone foundation wall of defendant's building extended over the line on to the plaintiff's lot, so as to give the distance of the foundation wall as being 9 inches beyond the party line, instead of 12 inches. Upon this special verdict judgment was entered for the plaintiff Feb. 9, 1895.

*Errors assigned* were as follows:

(1.) The learned court erred in directing a verdict for the plaintiff, inasmuch as it deprived the appellant of the width of foundation and party wall allowed by statute.

(2.) The special verdict and judgment thereon is too vague and indefinite, and is not in accordance with the writ or the evidence, and is not susceptible of execution by habere facias.

(3.) Upon the special verdict as amended judgment should have been given in favor of the defendant, inasmuch as the widths of walls found to have been erected are allowed by statute.

(4.) Because said verdict and judgment thereon is against the law.

*Frederick J. Shoyer*, for appellant, cited: Evans & Watson v. Jayne, 23 Pa. 34; Godshall v. Mariam, 1 Binn. 352; Monroe v. Conroy, 1 Phila. 441; Gordon v. Milne, 2 W. N. C. 513; Morris v. Balderston, 2 Brew. 459; Roudet v. Bedell, 1 Phila. 366; Deringer v. Augusta Hotel Co., 155 Pa. 609; Bowers v. Supplee, 3 W. N. C. 22; act of May 7, 1855, P. L. 464; McCall v. Barrie, 15 W. N. C. 28; Rosenthal v. Ehrlicher, 154 Pa. 396.

*Alex. Simpson, Jr.,* for appellee, cited: Roberts v. Bye, 30 Pa. 377; act of Feb. 24, 1721, 1 Sm. L. 124; Bowers v. Supplee, 3 W. N. C. 22.

OPINION BY MR. JUSTICE FELL, May 27, 1895:

The controversy which gave rise to this action relates to the right of the defendant in the construction of a party wall. The parties own adjoining properties on Kensington avenue, each eighteen feet wide. The defendant made application to the building inspectors for and obtained a permit to build a two-story brick store, twenty-two feet high, with foundation walls sixteen inches and party wall nine inches thick. Under this permit he built a foundation wall eighteen inches and a brick wall upon it thirteen inches in thickness. The center of this ʹ wall is on the dividing line between the properties, and consequently one half of it rests upon the plaintiff's land. The right under the circumstances to construct a wall of this thickness is the subject of controversy, and it seems to depend upon the question whether a builder who without a permit erects a party wall of greater thickness than is required by the height and character of the building can place one half of it on the adjoining lot, although the encroachment is within the maximum limit fixed by law.

The earlier legislation upon the subject fixed no limit to the right of encroachment in the construction of a party wall. The act of Feb. 24, 1721, conferred upon the surveyors or regulators a discretion to determine the thickness of party walls, one half of which could be placed upon the adjoining lot. The discretion given to the surveyors was unchanged until a minimum thickness of nine inches for a party wall was fixed by the act of 25th April, 1852. The act of 2d February, 1854, sec. 27, gave the surveyors power to "finally decide upon all questions of party lines, the positions and thickness of party walls" under the statutes then in force. The act of 7th May, 1855, first limited the right of encroachment, and fixed the extent to which an adjoining lot could be used in the construction of a party wall by a proviso to the 8th section as follows: "provided any lot of the width of sixteen feet or less shall not be encumbered by more than nine inches of the stone foundation wall, or more than four and a half inches of the brick wall, nor in any

case shall any party wall be placed on the adjoining lot more than ten inches for the stone wall or more than six and a half inches for the brick wall." The same act fixed the minimum thickness of party walls, which was to be determined by the height and width of the building. The act of 11th April, 1856, eliminated the width of a building as a factor in determining the thickness of a party wall, and left it to be regulated by the height alone. This is substantially the legislation upon the subject up to the time of the passage of the act of 3d June, 1893, which need not be considered, as it is subsequent to the cause of action.

The discretion given by the act of 1721 to the surveyors or regulators, whose duties are now performed by the building inspectors, to "regulate the walls to be built between party and party as to the breadth and thickness thereof," has been modified by subsequent acts forbidding the erection of a wall of less than the prescribed minimum thickness, but has never been taken away or otherwise abridged. The act of 1855, sec. 6, requires the person desiring to erect a building to make application to the inspectors and to furnish "a written statement of the proposed location, the dimensions and manner of construction of the proposed edifice" and other particulars, and the granting of a permit to build in the manner described in the application is within the discretion of the inspectors.

The thickness of a party wall and the extent to which it may encroach upon an adjoining lot has never been left to the discretion of the builder. Under the act of 1721 both were left to the discretion of the regulators, and under the later acts the discretion of the inspectors has been limited so that a lot sixteen feet or less in width may not be encroached upon more than nine inches for a foundation and four and a half inches for a brick wall, and so that in no event shall the encroachment be more than ten inches for the stone and six and a half for the brick wall. Within these limits the right of encroachment is to be fixed by the inspectors, not by the builder. This right is statutory. It is not a right at any time and for any purpose to use the land of another, but only for the purpose and in the manner provided. The extent of the use, subject to the limitations imposed, is to be determined by the character and size of the building to be erected, and is within the discretion of the

inspectors.   The builder should not be permitted to take more of his neighbor's land than he needs for the purpose of his building.   The whole system of party wall legislation rests upon the principle of mutuality of burdens and benefits.   If because of the height of the structure a party wall of greater thickness is required the encroachment may extend to the full limit.   If the structure requires the support of a party wall of only the minimum thickness the right of encroachment is limited to eight inches in the foundation and four and a half inches in the superstructure.

The building inspectors may in their discretion because of the nature of the ground or the intended use of the building, or for other reasons, require the erection of a thicker wall without regard to the height of the building.   If they do so the right to use more of the adjoining lot up to the maximum limit follows, but the necessity as far as it affects the right is to be determined by the inspectors, not by the builder.

The judgment is affirmed.